UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TRAVIS J. MOODY,

    Petitioner

v.                                             Case No. 5:26-cv-43-TKW-MJF

SCOTT BESSENT, *et al.*,

    Respondents.
                             /

## REPORT AND RECOMMENDATION

Petitioner Travis J. Moody commenced this civil action by filing a "petition for writ of mandamus" against Federal and Florida officials. Doc. 1. He also filed a motion for leave to proceed *in forma pauperis*. Doc. 2. Because Moody is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), and he did not pay the filing fee at the time he commenced this civil action, the District Court should deny Moody's motion for leave to proceed *in forma pauperis* and dismiss this case under 28 U.S.C. § 1915(g). Furthermore, Moody fails to demonstrate that a writ should issue. For these reasons, the District Court should dismiss Moody's petition.

## Moody's Petition

Moody is an inmate of the Florida Department of Corrections ("FDC") housed at the Gulf Correctional Institution. Doc. 1. His FDC inmate number is "X64339." Moody filed a petition for writ of mandamus against the United States Secretary of Treasury Scott Bessent; United States Attorney General Pamela Jo Bondi; Florida Attorney General James Uthmeier; and Florida Secretary of State Cord Byrd. *Id.*

Moody's mandamus petition is nonsensical. Moody seeks to recover "unpaid stock earnings, unpaid bond interest, unpaid wages, workman's compensation under the D.C. workman's compensation Act; unpaid interest on economic projects; unpaid interests on the collection of taxes and unpaid annuities." *Id.* He also seeks an order compelling Respondents to perform their "public duties" under the Uniform Commercial Code and the Full Faith and Credit Clause of the United States Constitution. *Id.* Although Moody references a "contract" and "obligation" throughout his petition, Moody does not identify (1) the nature of this contract; (2) the parties to the contract; (3) the terms of the contract; (3) whether there was a breach of this contract; (4) if there was a breach, who breached the contract; (5) how the breach occurred; or (6)

any other information relating to this contract and how it entitles Moody to the relief sought in his petition. Rather, Moody states he is a "U.S. state national"; his recovery is guaranteed under the Full Faith and Credit Clause; and he is entitled to recovery due to his "public interest." *Id.* at 1, 3.

## DISCUSSION

**A.     Moody Cannot Proceed *In Forma Pauperis* because He Has Incurred at Least Three-Strikes**

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* in a civil action if the prisoner previously filed three or more actions or appeals, while incarcerated, that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2022). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time the prisoner initiates the prisoner's lawsuit, and failure to do so warrants dismissal of the case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time the inmate initiates suit); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.

2001). The only exception is if the prisoner alleges that the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

  1. ***Moody's Mandamus Action is Subject to the Three-Strikes Rule in 28 U.S.C. § 1915(g)***

The Eleventh Circuit has not "addressed in whether or in what circumstances mandamus petitions are 'civil actions' subject to § 1915(g)." *Littlejohn v. Dir., Fed. Bureau of Investigation*, No. 21-13542, 2023 WL 2300945, at *2 (11th Cir. Mar. 1, 2023). Other circuits, however, have held that whether section 1915(g) applies depends on the "the nature of the underlying action." *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) ("[T]he nature of the underlying action . . . determine[s] the applicability of [§ 1915(g)].")' *Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996) (whether a petition for mandamus falls within § 1915(g) "turn[s] on whether the litigation in which it is being filed is within that scope"). Specifically, the other circuits "have held that a mandamus petition qualifies as a civil action if it is analogous to or arises out of a civil lawsuit to which § 1915(g) applies" but when the "mandamus petition seeks relief in relation a criminal proceeding, § 1915(g) may not apply." *Littlejohn*, 2023 WL 2300945, at *2; *see In re Crittenden*, 143 F.3d

at 920; *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) (reasoning that prisoners should not be able to avoid § 1915(g) simply by bringing 42 U.S.C. § 1983 civil rights claims under the guise of seeking mandamus); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (holding that mandamus petitions qualify as "civil actions" under § 1915(g), and that plaintiff with three prior strikes under the statute could not be permitted to continue filing actions by merely framing pleadings as petitions for writs of mandamus since to do so would allow a loophole Congress surely did not intend in its stated goal of discouraging frivolous and abusive prison lawsuits).

    Moody's petition essentially seeks to recover under an alleged contract. This kind of civil claim is subject to the provisions of section 1915(g). *See generally O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 769 (11th Cir. 2018) (affirming dismsisal under 28 U.S.C. § 1915(g) of complaint that alleged violation of his rights under the federal and Florida constitutions, violation of various federal laws, breach of contract, and unspecified tort claims.). Therefore, his petition is subject to the provision of section 1915(g).

### 2. *Moody Has Accrued at Least Three Strikes*

Moody, while an inmate within custody of the Florida Department of Corrections, filed at least three cases that qualified as "strikes," including:

- *Moody v. Ventreie*, No. 6:25-cv-1637-WWB-RMN, (M.D. Fla. Sept. 11, 2025) (civil rights complaint dismissed for failure to state a plausible claim for relief and as frivolous).

- *Moody v. Orange Cnty. Sheriff's Office*, No. 6:25-cv-797-WWB-DCI, (M.D. Fla. May 30, 2025) (petition for writ of mandamus dismissed for failure to state a claim upon which relief can be granted).

- *Moody v. Drug Enforcement Agency & Agents*, No. 6:25-cv-205-WWB-NWH, (M.D. Fla. Mar. 27, 2025) (civil rights complaint dismissed as frivolous).

Each of these case bears Moody's FDC inmate number, "X64339." All three of Moody's strikes were entered before he filed this lawsuit on February 2, 2026. Doc. 1 at 5.

Because Moody has accrued *at least* three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### 3. *Moody Fails to Satisfy the Imminent-Danger Exception*

To satisfy the "imminent danger" exception, "the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit

in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). An allegation of past danger will not invoke the exception. *Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)].").

Moody's allegation that he is entitled to unpaid interest does not establish that he is in imminent danger of serious physical injury.

Because Moody is barred from proceeding *in forma pauperis*, the District Court must deny Moody's motion for leave to proceed *in forma pauperis* and dismiss this case without prejudice under 28 U.S.C. § 1915(g). *Dupree*, 284 F.3d at 1236 ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

**B. Moody Fails to Establish He Is Entitled to a Writ of Mandamus**

There is a second reason for the District Court to dismiss this action: Moody has not demonstrated entitlement to a writ of mandamus.

Federal law authorizes district courts to issue writs of mandamus "to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). A writ of mandamus is a drastic remedy to be used only in extraordinary circumstances. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). To obtain a writ of mandamus, a petitioner must establish three elements:

(1) the petitioner has a clear right to the relief requested;

(2) the respondent has a clear duty to act; and

(3) no other adequate remedy is available.

*Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004); *In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1238 (11th Cir. 2014); *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). The party seeking the writ has the "burden of showing [his] right to the issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289, (1988).

  1.  ***Moody Fails to Plausibly Allege or Demonstrate a Clear Right to Relief and a Clear Duty to Act***

Moody fails to meet his burden of alleging and showing that he has a clear and indisputable right to issuance of the writ of mandamus and

that the Respondents have a clear duty to act. As noted above, Moody asserts that he has a "public interest" in a "contract" or "obligation" that entitles him to the relief requested. Moody, however, never identifies:

- the nature of this contract;
- the parties to the contract;
- the terms of the contract;
- any other information relating to this contract and how it entitles Moody to the relief sought in his petition;
- whether there was a breach of this contract and, if a breach occurred:
  - the nature of the breach;
  - how the breach occurred;
  - the date of the breach; and
  - the person(s) who breached the contract.

Furthermore, Moody does not indicate what duty Respondents owe to Moody. Moody simply states that they must be compelled to do their "public duties." Moody's vague references to a "contract," "obligation," and "public duties" are insufficient to show a clear right to relief and that Defendants have a clear, non-discretionary duty to act.

Plaintif's petition also plainly violates Rule 8 of the Federal Rules of Civil Procedure which require a short and plain statement showing Moody is entitled to relief. *Mobley v. U.S. Gov't*, No. 5:19-CV-116, 2020 WL 2089249, at *2 (S.D. Ga. Apr. 30, 2020). For these reasons alone, the District Court should dismiss Moody's petition.

### 2. *The District Court Lacks Authority to Issue the Writ to Florida Officials*

Moody also fails to establish he is entitled to a writ of mandamus against Florida Attorney General James Uthmeier and Florida Secretary of State Cord Byrd. *Id.* "[F]ederal courts lack jurisdiction to issue writs of mandamus to direct state officials in performing their state duties." *Butt v. Zimmerman*, No. 21-14187, 2022 WL 5237916, at *2 (11th Cir. Oct. 6, 2022) (citing *Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *Lawrence v. Miami-Dade Cnty. State Attorney Office*, 272 F. App'x 781, 781 (11th Cir. 2008); *Russell v. Knight,* 488 F.2d 96, 97 (5th Cir. 1973).

## Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** Moody's motion for leave to proceed *in forma pauperis*, Doc. 2,

2. **DISMISS** Moody's petition.

3. **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida on February 13, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the R&R. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. If a party disputes the accuracy of any facts taken from judicially-noticed documents, the party must raise this issue in an objection to this R&R.**